UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. BARRY,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security Administration,<br><br>        Defendant. | )  Case No. CV 08-3880 PJW<br>)<br>)<br>)  MEMORANDUM OPINION AND ORDER<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

    Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying his application for Supplemental Security Income ("SSI").  Because the Agency's decision that Plaintiff was not disabled is supported by substantial evidence, it is affirmed.

    In November 2001, Plaintiff applied for SSI.  (Administrative Record ("AR") 50-53.)  The Agency denied the application initially and on reconsideration.  (AR 37-44.)  After holding a hearing on October 27, 2004, at which Plaintiff appeared with counsel and testified, an Administrative Law Judge ("ALJ") issued a decision on November 17, 2004, denying the application.  (AR 16-23, 389-404.)  Plaintiff sought review in this court, which reversed the Agency's decision and

1  remanded the case for further proceedings.  (AR 443-58.)  On remand, a
2  different ALJ held a new hearing.  (AR 744-75.)  Plaintiff again
3  appeared with counsel and testified.  (AR 744-63.)  The ALJ
4  subsequently issued a decision denying the application.  (AR 417-27.)
5  Plaintiff appealed to the Appeals Council, which denied Plaintiff's
6  request for review.  (AR 405-07, 413-16.)  He then commenced this
7  action.
8      Plaintiff claims that the ALJ failed to properly consider the
9  opinion of examining physician Barry Gwartz.  He points out that, even
10 though the ALJ adopted Dr. Gwartz's residual functional capacity
11 findings, he inexplicably failed to adopt Dr. Gwartz's finding that
12 Plaintiff should never be exposed to dust, odors, fumes, or other
13 pulmonary irritants.  (Joint Stip. at 5-7.)  In Plaintiff's view, if
14 the ALJ had adopted this limitation, he would have been required to
15 find Plaintiff disabled based on the testimony of the vocational
16 expert, who opined that such a limitation would preclude Plaintiff
17 from performing unskilled work.  (Joint Stip. at 7-9.)
18     The Agency disagrees.  It argues that Dr. Gwartz's limitation on
19 exposure to fumes and other irritants in a check-the-box form was a
20 mistake.  It points out that this finding is contradicted by Dr.
21 Gwartz's narrative report--which does not mention any such limitation
22 --and argues that it is reasonable to infer that the ALJ elected to
23 adopt Dr. Gwartz's narrative report rather than the finding in the
24 check-the-box form.  (Joint Stip. at 9-10.)  The Agency argues further
25 that because the record does not support a finding that Plaintiff
26 suffered from any respiratory restrictions, the ALJ's error in not
27 pointing out the discrepancy in the check-the-box form was harmless.
28 (Joint Stip. at 10.)  For the following reasons, the Court agrees.

Dr. Gwartz conducted an internal medicine evaluation of Plaintiff on July 11, 2007. (AR 577-84.) In doing so, he reviewed Plaintiff's medical records and x-ray findings, none of which identified any respiratory issues. (AR 578-79.) He also examined Plaintiff, finding no tenderness in Plaintiff's chest, and nothing remarkable in his lungs. (AR 580.) In his narrative report, he noted that Plaintiff's chief complaint was back pain and weakness in the right leg. (AR 577.) He reported that Plaintiff "continues to smoke at least a pack of cigarettes daily but previously smoked upwards to two packs daily." (AR 579.) He concluded that Plaintiff suffered from spondylosis of the lumbar spine, a history of complex partial seizures, a history of alcohol abuse/addiction, and a personality disorder, not otherwise specified. (AR 583.) He opined that Plaintiff would have no postural, manipulative, or push and pull limitations, but "probably should be precluded from working at heights or near hazardous machinery because of his personality style." (AR 583.)

Together with his summary narrative report, Dr. Gwartz submitted a check-the-box form entitled, "Medical Source Statement of Ability to Do Work-Related Activities (Physical)." (AR 585-91.) In that form, Dr. Gwartz checked a box indicating that Plaintiff could "never" tolerate exposure to dust, odors, fumes, and pulmonary irritants. (AR 589.) He did not, however, complete the portion of the form immediately below the box, which asked him to explain the medical findings on which that limitation was based. (AR 589.)

At the administrative hearing in November 2007, Plaintiff testified that he had not worked since he filed his SSI application because of "back injury and mental illnesses." (AR 748.) Although Plaintiff talked about his mental condition and his problems with

walking, standing, and sitting, he did not complain about any respiratory or pulmonary condition or limitations, even after his attorney asked him whether he had "any other problems physically besides your back? Does anything else bother you?" (AR 747-55, 756.)

When the vocational expert testified, Plaintiff's counsel asked him to consider a hypothetical individual who, in addition to various physical limitations, could not tolerate exposure to dust, odors, fumes, and pulmonary irritants. (AR 765, 766.) The vocational expert replied that such an individual would not be able to perform any unskilled work. (AR 766.)

In his decision, the ALJ adopted Dr. Gwartz's residual functional capacity assessment in finding that Plaintiff would be able to perform medium unskilled work, but had to avoid exposure to heights and moving machinery. (AR 422, 424.) Based on the vocational expert's testimony, the ALJ concluded that Plaintiff could perform unskilled work and, therefore, was not disabled. (AR 426.)

The Court finds that the ALJ erred in not addressing the contradiction between Dr. Gwartz's written report and the check-the-box form that he filled out at the same time, particularly in view of counsel's reliance at the administrative hearing on the environmental irritants limitation indicated in that form. Given the evident ambiguity regarding the reports, the ALJ should have developed the record further. *See*, *e.g.*, *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) ("Ambiguous evidence . . . triggers the ALJ's duty to conduct an appropriate inquiry.") (quotation omitted); *see also* 20 C.F.R. § 416.912(e).

Nevertheless, the Court concludes that the error was harmless because it was "inconsequential to the ultimate nondisability

4

determination." *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (defining harmless error in social security context). For the reasons explained below, the Court concludes that the ALJ's failure to address Dr. Gwartz's finding that Plaintiff should not be exposed to fumes and other irritants does not undermine the ALJ's decision that Plaintiff is not disabled because that limitation was not supported by the record in this case.

First, Plaintiff never alleged at any stage of the process that he suffered from a respiratory or pulmonary impairment. Plaintiff applied for SSI based on a seizure disorder and back injury. (AR 50, 75.) Examiner Jagvinder Singh, who examined Plaintiff on January 30, 2002, noted that he complained of epilepsy and back problems. (AR 198.) At the first administrative hearing in October 2004, Plaintiff testified about his back, seizures, and depression, but did not mention any respiratory problems. (AR 393-403.) Nor did he complain of any respiratory or breathing problems at the second administrative hearing. Most tellingly though is the fact that Plaintiff does not argue in the Joint Stipulation that he filed in this court that he suffers from any respiratory ailments. He merely argues that since Dr. Singh checked the box on the form that he should not be exposed to airborne irritants the ALJ should have adopted that finding and concluded that he was disabled.

Second, no evidence in the record supports a finding that Plaintiff has a respiratory problem that requires that he not be exposed to fumes or other irritants. Numerous examination records showed Plaintiff's respiratory system to be performing within normal limits. (AR 134, 139, 142, 146, 149, 151, 154, 181, 183, 190.) Several physicians specifically reported finding no lung disease. (AR

162, 166.)  Examiner Singh found on examination that Plaintiff's chest and lungs were "[s]ymmetric with normal excursions.  Clear to ascultation throughout."  (AR 199.)  Though he found that Plaintiff should avoid working in extreme temperatures or near fire, water, and heavy machinery, he did not impose any functional restrictions with respect to exposure to irritants.  (AR 201-02.)

Similarly, Dr. Gwartz made no findings of any respiratory or pulmonary impairment in his narrative report.  (AR 577-84.)  Moreover, he specifically noted that Plaintiff continued to smoke "at least a pack of cigarettes daily," (AR 579), a finding at odds with a total restriction on exposure to fumes or odors in the workplace.

Finally, Plaintiff does not argue that there is any support in the record for environmental restrictions.  Nor does he submit any evidence that did not make it into the record which would support such a restriction.

Because the ALJ's failure to address Dr. Gwartz's finding that Plaintiff should not be exposed to pulmonary irritants was harmless, his decision that Plaintiff was not disabled is affirmed.

IT IS SO ORDERED.

DATED: October 19, 2009.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\BARRY, J 3880\Memo_Opinion.wpd